**SOUTHERN MINERALS CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1153.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Nov. 15, 1956.

Hayden W. Head, Corpus Christi, Tex., for plaintiff.

Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, William T. Kane, Attys., Dept. of Justice, Washington, D. C., Malcolm R. Wilkey, U. S. Atty., Edgar O. Bottler, Asst. U. S. Atty., Houston, Tex., for defendant.

ALLRED, District Judge.

This is another action for refund of petroleum transportation taxes illegally collected under 26 U.S.C.A. § 3460, similar to those involved in the Republic,[1] Pan American[2] and Port Fuel Company[3] cases. The only real fact distinction is that in those cases operations within the premises of *refineries* were involved, while here plaintiff operates a *terminal* where five different grades of crude oil were received from common carrier pipe lines, blended to meet customer specifications and thereafter transported 3,600 feet through plaintiff's lines within the terminal premises to docks where the oil was loaded on the purchasers' vessels.

Defendant concedes, for the purpose of this action, that the movements in question were within the terminal's premises but insists that the court should find that they were a continuation of a taxable transportation and, therefore, not within the exemption of subsection (c) of section 3460, Title 26 U.S.C.A. Many evidentiary facts are enumerated in defendant's brief which, it is asserted, justify and call for finding as an ultimate fact that the movements in question are a continuation of a taxable transaction. These may be summarized as (a) plaintiff produced or purchased the oil in the fields; (b) it was delivered to plaintiff's terminal by Southern Pipe Line Corporation, a controlled affiliate;[4] (c) that title remained in plaintiff until delivery to the vessel; and (d) that the sales contracts were for sales "by a composite or average specimen."

These facts are not controlling. The controlling facts, which have been stipulated, are that five grades of crude oil, purchased by plaintiff, were delivered at its terminal by common carrier pipe lines. Thereafter it was handled by plaintiff's employees on the terminal premises and blended to meet purchasers' specifications by use of interconnected tanks, the average time for blending, etc., being six or seven days. It then was moved from the tanks through plaintiff's lines and on its premises to the docks and loaded aboard purchasers' vessels. These blending operations were not part of a through shipment or transportation, but constituted a distinct break and independent functional process in order to meet sales contracts for specific grades of crude. I hold the movements were tax exempt under subsection (c).

The foregoing, together with the stipulated facts, are adopted as findings of fact and conclusions of law. The clerk will notify counsel to submit form of judgment for plaintiff in the amount sued for.

1. Republic Oil Refining Co. v. Granger, 3 Cir., 198 F.2d 161.

2. United States v. Pan American Refining Corp., 5 Cir., 219 F.2d 685.

3. Port Fuel Co. v. United States (by this court), 136 F.Supp. 89.

4. Both Southern Pipe and plaintiff's stock is and was owned by Pittsburg Plate Glass Co. (51%) and American Cyanamid Co. (49%).